IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN M. SHEMONIC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PAUL N. MANOFF and FEDEX GROUND )<br>PACKAGE SYSTEM, INC., )<br>)<br>    Defendants. ) | Case No.: 3:04 cv 728 GPM |

**ORDER**

This matter is before the Court on the Motion to Quash Depositions filed by the defendants, Paul N. Manoff and FedEx Ground Package System, Inc., on June 17, 2005. For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

**BACKGROUND**

This case is based on an automobile accident that occurred on July 27, 2004 in Chester, Illinois. The Plaintiff alleges that he was injured when a van driven by the Defendant, Paul N. Manoff, collided with his car, head-on. In this discovery dispute, the Plaintiff seeks to depose three nurses, Joyce Rubach, Rhonda Richelman, and Lori Ellsworth, regarding statements made by the Defendant while he was being treated at the Memorial Hospital. The Plaintiff argues that the statements are unrelated to any medical treatment and are therefore discoverable. The Plaintiff specifically indicates that these nurses may testify that the Defendant stated that he was looking down at papers immediately prior to the accident and did not see Plaintiff's vehicle. The Defendant argues that the statements are privileged as they were made in the course of medical treatment. After a teleconference on this discovery dispute, held on May 18, 2005, the parties

were ordered to file briefs on the matter.

**DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides for "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." This matter is before this court based upon diversity jurisdiction. Therefore, Illinois privilege law governs this dispute. See Federal Rule of Evidence 501; See also Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004) (noting, among other things, that the Health Information Portability and Accountability Act of 1996 (HIPAA) is procedural and not substantive in nature – i.e. it does not create a doctor/patient privilege). Illinois law, however, does recognize a doctor/patient privilege:

> No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve the patient . . .[1]

735 ILL. COMP. STAT. §5/8-802 (2002).

This privilege is extended to "support personnel involved in rendering treatment to a patient," People v. Kucharski, 806 N.E.2d 683, 687-688 (Ill. App. Ct. 2004), including nurses. Tomczak v. Ingalls Memorial Hospital, 834 N.E.2d 549, 553 (Ill App. Ct. 2005). The purpose of the privilege is to encourage frank discussion and to protect a patient's privacy. Id. The information protected by the privilege is limited to that information necessary for proper treatment. See e.g. People v. Ruppel, 708 N.E.2d 824, 830 (Ill App. Ct. 1999) ("The privilege typically applies

---

[1] With certain exceptions not relevant to this lawsuit. Specifically, as this lawsuit was not initiated by the Defendant and as the Defendant has not placed *his* medical condition in controversy, those exceptions do not apply.

when the information is obtained from a procedure necessary to diagnose and treat the patient); See also Geisberger v. Willuhn, 390 N.E.2d 945, 946-947 (Ill App. Ct. 1979).

In this case, the Plaintiff seeks to discover conversations between the Defendant and his nurses regarding the cause of the accident at issue and the Defendant's behavior immediately prior to the accident. These communications only occurred while the Defendant sought medical care for his injuries after the accident. Thus, the question presented is whether statements by the Defendant concerning the cause of the accident are protected because they are "necessary to enable [his medical provider] professionally to serve the patient." The Defendant asserts that any information that he may have given as "history" is protected by the privilege. The Plaintiff, on the other hand cites to People v. Florendo, 447 N.E.2d 282 (Ill. 1983), for the proposition that the statute only protects that information "which is necessary to enable the physician to render professional services." Id. at 284. Neither party, has cited to any case authority that specifically holds that the type of information that the Plaintiff seeks to disclose is protected.

As this is the Defendant's motion, he has the burden t to show that the information is privileged. On the one hand, it is common knowledge that health care providers usually take a "history" from a patient that includes a variety of information that may or may not be directly relevant to a treatment course. The manner in which an accident occurs, the position of the patient during the accident, and other information concerning the mechanism of the accident would be relevant to a provider's analysis and treatment of injuries that resulted. Such information necessarily would be included in a medical record. See Reagan v. Searcy, 751 N.E.2d 606, 608 (Ill. App. Ct. 2001) (stating that "generally, a patient's medical records are protected by the physician-patient privilege"). Allowing the Plaintiff to acquire such

3

information from the Defendant's nurses may be contrary to the purpose of the statute.  The statute seeks to foster open and frank discussions between a patient and a provider.  If a person involved in an accident knows that certain information conveyed to a provider may be discoverable during trial, it would prevent that person form disclosing such information.  In addition, such a rule would have a chilling effect on all communications between a patient and provider: a layperson, after all, would not be fully versed on what information is protected under what circumstances.

On the other hand, the Defendant has presented no case authority or evidence that would show that information about a person's actions prior to an accident is relevant to medical treatment or diagnosis.  For example, the Defendant has not cited to *any* case authority that specifically holds that the a Defendant's statements, that are patently non-medical, are protected by the privilege.  In addition, the Defendant has not provided any affidavit from, for example, the nurses in question, that would indicate to the Court that they believed that the factual information given by the Defendant was necessary to their treatment or diagnosis.  The privilege is limited to only that information "necessary to enable" a provider "professionally to serve the patient."  Without any kind of showing that the information that the Plaintiff seeks to elicit is "necessary" for treatment, this Court will not quash the depositions of the Defendant's nurses.  It may well be that the Defendant's statements are wholly unrelated to any kind of treatment or diagnosis that the nurses were engaged in.  As noted above, the Defendant bears the burden in this matter and, based on the foregoing, he has failed to meet his burden.  Therefore, this Court will not quash the depositions at this time.

## CONCLUSION

For the foregoing reasons, the Motion to Quash Depositions filed by the defendants, Paul N. Manoff and FedEx Ground Package System, Inc., on June 17, 2005 is **DENIED WITHOUT PREJUDICE** (Doc. 28).


**DATED: March 21, 2006**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
